UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYDEL MIGUEL TUCKER,<br>        Plaintiff,<br>    v.<br>R. DAY, et al.,<br>        Defendants. | Case No. 20-cv-01255-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Traydel Tucker alleges that two prison guards are responsible for a prison vehicle transport accident and Tucker's resulting injuries. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Tucker has not stated a claim for relief. Claims of negligence, such as a claim of negligent driving, are not actionable under section 1983. His allegation that Sergeant R. Day failed to put him in a seatbelt might be actionable, but Tucker will have to provide more information. His claims against the second guard, D. Navarrete, are insufficient because although Tucker names him as a defendant, he provides no description of Navarette's actions.

The complaint is DISMISSED with leave to file an amended complaint on or before **August 28, 2020.** Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Tucker alleges that he suffered injuries from an August 30, 2019 vehicle accident caused by the negligent actions of R. Day and D. Navarrete, prison guards at Salinas Valley State Prison. He alleges Day "drove the transporting van directly up the wheelchair ramp located in front of Facility 29 causing the van to be in collision with the side bar of

the wheel ramp." (Compl., Dkt. No. 1 at 3.) He alleges that Day had earlier refused Tucker's request for a seatbelt. When Tucker arrived at the facility, he was placed in a holding cell but received no medical assistance.

The claims against Day are insufficient. Day's negligent driving alone cannot be the basis for an Eighth Amendment claim under section 1983. Neither negligence nor gross negligence constitutes deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 835-37 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). His failure to put Tucker in a seatbelt might be actionable, but Tucker has not stated how he was injured. Without a specific description of the physical injuries Tucker suffered and an allegation that such injuries would not have occurred but for Day's actions, no claim is stated. Accordingly, Tucker's claims against Day are DISMISSED with leave to amend.

Tucker's claims against Navarrete are also DISMISSED with leave to amend. Tucker names Navarette as a defendant but does not describe his actions in any way. Without specific factual allegations describing Navarette's actions and responsibilities, the Court cannot assess whether he could be liable for his conduct.

In composing his amended complaint, Tucker should pay close attention to the following. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

In addition, supervisory defendants are not responsible simply because they are

3

supervisors. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 129 S. Ct. at 1948-52.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **August 28, 2020.** The amended complaint must include the caption and civil case number used in this order (20-01255 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** July 13, 2020



WILLIAM H. ORRICK
United States District Judge