UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYDEL MIGUEL TUCKER,<br><br>   Plaintiff,<br><br>  v.<br><br>R. DAY, et al.,<br><br>   Defendants. | Case No. 20-cv-01255-WHO<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 13, 14 |

# INTRODUCTION

Plaintiff Traydel Tucker brings this suit because he was injured in a prison vehicle transport accident. I previously dismissed his complaint for failure to state a claim, Dkt. No. 12 (the "Prior Order"), and now review his first amended complaint ("FAC").

As I explained in the Prior Order, claims of negligence, such as one for negligent driving, are not actionable under section 1983. I gave Tucker leave to amend and informed him that he must allege more than negligence on the part of Sergeant Day and that he must identify direct participation in the alleged wrong by every other defendant.

Tucker's FAC fails to meet these requirements. All he alleges against Sergeant R. Day and Officer D. Naravette is that they were negligent. In addition, Tucker fails to identify any wrongdoing by Warden T. Foss and "Phys. Tech." Mayder. Because Tucker has again not stated a cognizable claim for relief, and failed to dos so after specific direction, I dismiss the FAC with prejudice.

# DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Tucker alleges that he suffered injuries from an August 30, 2019 vehicle accident caused by the negligent actions of R. Day ("Sergeant Day") and D. Naravette ("Officer Naravette"), prison guards at Salinas Valley State Prison. (*See generally*, Dkt. No. 13 ("FAC").) Tucker also names Warden T. Foss ("Warden Foss") and "Phys. Tech." Mayder ("P.T. Mayder") as defendants. (*See id*.) I will first will explain why Tucker fails to state a claim against Sergeant Day and Officer Naravette, then P.T. Mayder, and finally Warden Foss.

### 1. Sergeant Day and Officer Naravette

Tucker alleges that Sergeant Day and Officer Naravette were assigned to transfer him from one administrative segregation unit to another at Salinas Valley State Prison. (FAC at 3.) To effect this transfer, Sergeant Day placed Tucker in a transport van. (*Id*.) Neither Sergeant Day nor Officer Naravette buckled Tucker's seatbelt. (*Id*.) Sergeant Day told Tucker, "you . . . will be alright, we're only going a short distance, so just sit back and relax." (*Id*.) Tucker wore leg restraints and waist/hand restraints. (*See id*.)

Tucker alleges that Sergeant Day began to accelerate "exceedingly rapid[ly]." (*Id*.) After the van was in motion, it "unevenly came upon a 'wheelchair ramp,'" which "caus[ed] the van to tilt to the left." (*Id*.) This leftward tilt, in turn, caused Tucker to be "jolted from his seat." (*Id*.) Tucker hit the ceiling and the left panel of the van, and fell to the floor. (*See id*.) Another prisoner being transported in the van "landed on top" of Tucker as the van stopped. (*Id*. at 5.) When the other prisoner "tr[ied] to get off" Tucker, he put pressure on Tucker and caused him further pain. (*See id*.)

Upon striking the wheelchair ramp, Sergeant Day and Officer Naravette "both yell[ed] out, 'are you guys alright?'" (*Id*.) Once the van stopped, Sergeant Day assured Tucker he would be taken to medical staff and "immediately started apologizing for the accident." (*Id*.) Sergeant Day then took Tucker to see medical staff and spoke to medical staff outside Tucker's presence for a few minutes. (*See id*.)

The FAC fails because Tucker does not allege that Sergeant Day or Officer Naravette caused Tucker's injuries with deliberate indifference; that is necessary to state an Eighth Amendment, as I explained in the Prior Order. *See* Dkt. No. 12 at 3 (citing *Farmer v. Brennan*, 511 U.S. 825, 835-37 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).) The United States Supreme Court has clarified that "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A mere accident or evaluative mistake is not to be characterized as wanton infliction of unnecessary pain. *Estelle*, 429 U.S. at 105.

3

The failure to buckle Tucker's seatbelt is not enough, by itself, to constitute deliberate indifference. Although there is no published Ninth Circuit decision on this issue, the Eighth and Second Circuits have held that an injury caused by the lack of a seatbelt does not state an Eighth Amendment claim. *See Stark v. Lee Cty., IA*, No. 20-1606, 2021 WL 1287743, at *2 (8th Cir. Apr. 7, 2021); *Jabbar v. Fischer*, 683 F.3d 54, 57-59 (2d Cir. 2012); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999). In those cases, the conduct of defendants' conduct was far more questionable than that of Sergeant Day and Officer Naravette. For example, in *Stark*, the defendant "engaged in a chase . . . with the shackled-but-not-seat-belted [plaintiff] in the backseat." 2021 WL 1287743, at *2. In *Jabbar*, the plaintiff's seatbelt was not buckled although the plaintiff was being transported to an off-site medical facility, and plaintiff was injured when he was thrown from his seat by a "forceful turn" on city streets. *Jabbar*, 683 F.3d at 56. Likewise, in *Spencer*, the plaintiff's seatbelt was not buckled although he was being transported on city streets and was intoxicated and unable to maintain his balance. 183 F.3d at 904.

Similarly, district courts within this Circuit also have dismissed complaints where the plaintiff's seatbelt was not buckled, even where the defendants' conduct was more culpable than Sergeant Day's or Officer Naravette's, because there was no showing that the officers drove in a reckless manner, had prior accidents, or otherwise "appreciated the high degree of risk" posed to the plaintiff. *See Rich v. Ahern*, No. 18-CV-06267-EMC, 2019 WL 2744831, at *3 (N.D. Cal. July 1, 2019) (explaining that more than an absent seatbelt is necessary, although van was traveling on city streets) (citing cases); Dkt. No. 24, *McCardie v. Ahern*. No. 20-CV-1408-EMC (N.D. Cal. Jan. 26, 2021) (pretrial detainee showed only negligence accompanying the lack of a seatbelt); Dkt. No. 18, *Pace v. Gardner*, No. 20-CV-0717-RS (N.D. Cal. Jan. 26, 2021) (same); *Simon v. Clements*, No. CV1504925JLSPLA, 2016 WL 8729781, at *1 (C.D. Cal. June 10, 2016) (defendant was speeding on city streets and suddenly slammed on the brakes); *Bulkin v. Ochoa*, No. 1:13-CV-00388-AWI-DL, 2013 WL 6019717, at *2 (E.D. Cal. Nov. 13, 2013) (defendant was

4

alleged to have driven recklessly). In light of this precedent, Tucker cannot state a claim based on the lack of a seatbelt alone.

Further, Tucker's allegations make clear that his injury was caused by an "accident," not an intentional act. Tucker was not injured when Sergeant Day accelerated "exceedingly rapid[ly]" but instead was injured when Sergeant Day struck the wheelchair ramp. (*See id*.) By Tucker's own admission, the striking of the wheelchair ramp was an "accident." (*Id*.) That this was an accident is further confirmed by Sergeant Day's and Officer Naravette's actions directly following the accident: both officers immediately asked if the prisoners were "alright," apparently with concern as this inquiry was "yell[ed] out"; Sergeant Day "immediately started apologizing"; and Tucker was immediately taken to medical staff. (*Id*.) Accidentally causing an injury does not rise to the level of deliberate indifference.

Further amendment of this claim would be futile. Tucker cannot allege in a future amended complaint that the striking of the wheelchair ramp was intentional, or that he was injured by Sergeant Day's driving and not by the striking of the wheelchair ramp, because this would conflict with the allegations of the FAC. Where "[i]t would not be possible" for a plaintiff to state a claim on amendment "without contradicting any of the allegations of his original complaint," courts find that amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (holding that district court did not abuse discretion by dismissing with prejudice, where complaint could not truthfully be amended to state a claim); *see also Heisen v. Pac. Coast Bldg. Prod., Inc.*, 26 F.3d 130 (9th Cir. 1994) (same). Moreover, I already gave Tucker the chance to allege deliberate indifference by defendants and instructed him how to do so in the Prior Order. (*See* Dkt. No. 12.) Where a plaintiff is unable to remedy a deficiency despite a warning with clear instructions and an opportunity to amend, courts may conclude that further leave to amend would be futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (a court may conclude that amendment would be futile where plaintiff has previously amended complaint).

5

For these reasons, I conclude that Tucker fails to plead a viable Eighth Amendment claim against either Sergeant Day or Officer Naravette in the FAC, and that amendment would be futile. His claim as to these defendants is dismissed with prejudice.[1]

### 2. P.T. Mayder

Tucker names P.T. Mayder as a defendant in the FAC but does not expressly allege that P.T. Mayder performed any action. (*See generally*, FAC.) In an abundance of caution, the Court assumes that the unnamed "phys tech" who treated Tucker was P.T. Mayder. (*See id.* at 7 (stating Tucker was treated by "a phys tech").)

Tucker fails to allege that P.T. Mayder took any wrongful action, much less violated Tucker's Eighth Amendment rights. Instead, Tucker alleges that the phys tech provided Tucker with ibuprofen for pain following the accident and said that Tucker would "be seen by a doctor." (*Id.*) Tucker does not allege that the phys tech failed to refer Tucker to a doctor for an examination or that the ibuprofen was insufficient to address Tucker's pain at that moment. (*See id.*) Indeed, Tucker does not even allege that the phys tech was legally permitted to administer anything stronger than ibuprofen before Tucker was seen by a doctor. *Cf.* Cal. Bus. & Prof. Code § 3502.1(c) ("The [physician assistant] shall furnish or order drugs or devices *under physician and surgeon supervision*.") (emphasis added). According to Tucker's own allegations, the phys tech assisted Tucker when he treated Tucker for pain following the accident. Tucker fails to state a claim.

It would be futile to allow Tucker to amend his Eighth Amendment claim as to P.T. Mayder. It is apparent on the face of the FAC that the phys tech assisted Tucker rather than caused him injury. Tucker cannot add allegations of deliberate indifference by phys tech in a future amended complaint without contradicting the allegations of the FAC. Because Tucker cannot truthfully cure the FAC's defects, I may properly conclude that

---

[1] I note that this decision would not bar Tucker from pursuing a state-law negligence claim against Sergeant Day or Officer Naravette in state court, following compliance with California's Tort Claims Act. *See* Cal. Gov't Code §§ 905.2 *et. seq.* (explaining the Tort Claims Act, including the requirement that a tort claim against a public entity or its employees be presented to the Department of General Services).

6

amendment would be futile.  *See Reddy*, 912 F.2d at 296; *Heisen*, 26 F.3d at 130.

For these reasons, I dismiss Tucker's Eighth Amendment claim against P.T Mayder with prejudice.

### 3. Warden Foss

I previously cautioned Tucker both that defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct and that supervisory defendants are not responsible simply because they are supervisors.  (*See* Dkt. No. 12 at 3-4 (citing *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).)  Despite this caution, the FAC contains no allegations that Warden Foss was involved in the accident or in Tucker's medical care.  (*See generally*, FAC.)  Accordingly, Tucker fails to show that Warden Foss was an integral participant in the allegedly wrongful conduct.  Instead, he appears to name Warden Foss as a defendant on the basis of Warden Foss's status as a supervisor.

It would be futile to allow Tucker to amend his Eighth Amendment claim against Warden Foss; I already gave Tucker a chance to allege that Warden Foss was an integral participant in the alleged wrongs, but he failed to do so.  *See Allen*, 911 F.2d at 373.  He cannot add such an allegation in a future amended complaint without contradicting the allegations of the FAC.  Although Tucker identifies various officers and staff as being present on the day of the accident and responsible for his injuries, none of them was Warden Foss.  (*See generally,* FAC.)  It is appropriate to conclude that amendment would be futile where a plaintiff cannot truthfully cure the defects of a complaint.  *See Reddy*, 912 F.2d at 296; *Heisen*, 26 F.3d at 130.

For these reasons, I dismiss Tucker's Eighth Amendment claim against Warden Foss with prejudice.

## CONCLUSION

This federal civil rights suit is DISMISSED with prejudice for failure to state a claim.

1  The Clerk shall terminate all pending motions, enter judgment in favor of
2 defendants, and close the file.
3  **IT IS SO ORDERED.**
4 **Dated:** April 9, 2021



WILLIAM H. ORRICK
United States District Judge